## STATE v. HUTCHISON

No. 7177.   Decided December 17, 1948.   (200 P. 2d 733.)

See 22 C. J. S., Criminal Law, sec. 657; 58 Am. Jur. 42. Incriminating testimony as admissible in a prosecution of the witness for an offense subsequently committed, note, 157 A. L. R. 428.

*W. Lee Skanchy,* of Logan, for appellant.

*L. E. Nelson,* Dist. Atty., of Logan, *A. John Brennan,* of Salt Lake City, and *Grover A. Giles,* Atty. Gen., for respondent.

WADE, Justice.

This is a companion case to *State* v. *Byington,* 114 Utah 388, 200 P. 2d 723, just decided by this court, and the facts of this case are fully set out in that case. The false testimony which defendant Ivella Hutchison was convicted of giving was given as fully in violation of her rights not to be

required to give self-incriminating testimony as was the evidence in that case, since here the court sent the sheriff out to bring this defendant into court and required her to answer the questions. Evidence of this testimony was received over her objection and the law on that subject as well as on the question of bias and prejudice is equally as applicable to this case as to the *Byington* case.

The conviction and sentence of the defendant is set aside and vacated and the action dismissed.

McDONOUGH, C. J., and PRATT, J., concur.

LATIMER, J., concurs with the reasons stated in the opinion in the case of *State* v. *Byington*.

WOLFE, Justice (dissenting).

The reasoning of my dissenting opinion in *State* v. *Byington* is to a large extent applicable here. The principal difference in the two cases is that in this case the court must have been well aware of the criminal implications involved at the time he called defendant herein to testify at the contempt proceedings, and most certainly as a matter of good practice, if not as a matter of law, should have advised her of constitutional privilege against self-incrimination. But it must be further observed that in this case *no grounds of objection whatsoever* were stated by counsel for defendant to the admission in evidence of the transcript of the contempt proceedings. Counsel merely objected generally, without stating any grounds. Consequently, the ruling of the trial court admitting it in evidence should not be available to defendant as grounds for reversal. I therefore dissent.